IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN PETERSON,

     Petitioner,

v.                                              CASE NO. 1:19-cv-120-MW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on June 28, 2019, by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition").  ECF No. 1. The Petition stems from Petitioner's 2013 Alachua County convictions for first degree murder with a firearm and possession of a firearm by a convicted felon, for which Petitioner is serving a life sentence.  *Id.* Respondent filed a motion to dismiss the petition as untimely and procedurally barred, together with relevant portions of the state-court record.  ECF No. 15.  Petitioner has filed a response in opposition to the motion to dismiss, ECF No. 20, and therefore the motion is ripe for determination.  For the following reasons, the undersigned recommends that the motion to dismiss be granted and the Petition dismissed as time-barred.

## I. <u>One-Year Limitation Period</u>

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction relief.  § 2244(d)(2).  To toll the one-year limitations period under section 2244(d)(2), a proceeding must be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).  Further, the limitations period may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## II. <u>State-Court Proceedings</u>

The procedural background of this case is established by the state court record appended to Respondent's motion. ECF No. 15. Petitioner was sentenced on April 4, 2013; an amended judgment was entered April 12, 2013, *nunc pro tunc* to April 4, 2013.  ECF No. 15-1 at 236.  Petitioner's

conviction was affirmed *per curiam* without written opinion on August 12, 2014. ECF No. 15-28 at 59. Petitioner did not seek review in the United States Supreme Court.

On September 30, 2015, Petitioner filed a *pro se* motion to correct written judgment of sentence pursuant to Fla. R. Crim. P. 3.800(a), asserting that his life sentence with a 10-year mandatory minimum was illegal because the court did not orally pronounce a 10-year mandatory minimum . ECF No. 15-28 at 84-85. The motion was summarily denied on October 9, 2015, because the record conclusively refuted his claim. *Id.* at 87-88. Petitioner appealed, and the First DCA affirmed *per curiam* without written opinion on February 11, 2016. The mandate issued on March 8, 2016. ECF No. 15-28 at 118, 120.

On March 11, 2016, Petitioner filed a *pro se* petition alleging ineffective assistance of appellate counsel in the First DCA. ECF No. 15-28 at 122-29. The First DCA summarily denied the petition on the merits on May 4, 2016. ECF No. 15-28 at 132. Petitioner moved for rehearing on May 23, 2016; rehearing was denied on June 17, 2016. ECF No. 15-28 at 138.

On August 24, 2016, Petitioner filed, through counsel, a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850, alleging claims of

ineffective assistance of trial counsel and *Brady/Giglio* violations by the

prosecutor.  ECF No. 15-28 at 162-85.  The motion was summarily denied

on March 23, 2017.  ECF No. 15-28 at 212-22.  The First DCA affirmed, *per*

*curiam,* without written opinion on January 22, 2019.  ECF No. 15-30 at

180.  Rehearing was denied on March 21, 2019.  *Id.* at 187.

Petitioner then filed the instant federal habeas corpus petition on

June 25, 2019.  ECF No. 1.  Petitioner asserts three claims of ineffective

assistance of trial counsel.  Petitioner also contends that if this Court finds

that his petition is untimely, then he is entitled to the benefit of equitable

tolling of the limitations period because his court-appointed trial counsel did

not notify him when his conviction was affirmed and did not timely provide

complete records to Petitioner.  Petitioner states that he received "a full

copy of transcripts and all materials/records concerning the case" on July

14, 2015, and that he then began working on his Rule 3.850 motion.  ECF

No. 1 at 28-29.  Petitioner contends that he "should be entitled to equitable

tolling due to counsel's failure to notify Petitioner and keep him aware of

developments in his case.  Counsel totally abandon[ed] Petitioner going

against his professional responsibilities."  *Id.* at 30.

### III. <u>Discussion</u>

Respondent correctly notes that Petitioner's conviction became final, and the one-year limitations period began to run, on November 10, 2014, when the 90-day period for seeking a writ of certiorari in the U.S. Supreme Court expired after the First DCA affirmed Petitioner's conviction.  ECF No. 15-28 at 61; *See* Sup.Ct. R. 13.1; *Nix v. Sec'y, Dept. of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004); *Espinosa v. Sec'y, Dept. of Corr.*, 804 F.3d 1137, 1140 (11th Cir. 2015).  Thus, absent tolling, Petitioner had until November 10, 2015, to file a timely federal habeas corpus petition.

The first tolling event was the Rule 3.800(a) motion to correct the written judgment of sentence, filed in state court on September 30, 2015. At that point 324 days of the one-year federal limitations period had elapsed.  The limitations period remained tolled until March 8, 2016, when the First DCA issued its mandate following summary affirmance of the trial court's ruling.  ECF No. 15-28 at 120.  *See Hall v. Sec., Dept. of Corrections,* 921 F.3d 983, 987 (11th Cir. 2019) (recognizing Rule 3.800(a) postconviction proceedings as tolling events for purposes of the one-year limitation period.).

The limitations period then ran for 3 more days until March 11, 2016, when Petitioner filed his petition alleging ineffective assistance of appellate

counsel in the First DCA.  ECF No. 15-28 at 122.  The limitations period remained tolled until June 17, 2016, when the First DCA denied rehearing after summarily denying the petition.  ECF No. 15-28 at 138.  At that point, only 38 days remained in the federal limitations period, and that time expired on July 25, 2016.

Petitioner's counseled Rule 3.850 postconviction motion was filed on August 24, 2016, and did not further toll the limitations period because at that point there was no time left to toll.  ECF No. 15-28 at 162; *see Sibley v. Culliver,* 377 F.3d 1196, 1204 (11th Cir. 2004) (where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll").

Petitioner claims that he is entitled to the benefit of equitable tolling. Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Diaz v. Sec'y, Dept. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (quoting *Helton v. Sec'y, Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (internal quotations omitted)). This means that the Petitioner must show that the untimeliness of his petition was "*both* beyond his control and

unavoidable even with due diligence." *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003) (§ 2255 case) (emphasis added).

Petitioner contends that his trial counsel failed to notify him when his conviction was affirmed on August 12, 2014, but he admits that he learned of the affirmance after his mother checked online on September 15, 2014. ECF No. 1 at 29. He alleges that his counsel was "elusive" in providing transcripts and files, but he concedes that that he received "a full copy of transcripts and all materials/records concerning the case" on July 14, 2015. ECF No. 1 at 28-29. Petitioner claims that his trial counsel's actions amount to "unjustified negligence and abandonment" that merit equitable tolling, *see* ECF No. 20 at 3-4, but Petitioner received his case file more than a full year before the limitations period finally expired in July 2016 (with tolling for his state postconviction proceedings). Even if counsel acted unreasonably by failing to notify Petitioner of the affirmance of his conviction and by the delay in providing his case file, Petitioner has not shown that there is a causal connection between these alleged deficiencies and his failure to file a timely federal habeas petition within the time remaining after he received the documents. *See San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011). ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland [v. Florida,* 560 U.S.

631 (2010)], we too have required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition.") (citing *Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005)).

On this record, the Court is not persuaded that Petitioner has established either extraordinary circumstances or the exercise of diligence that merit equitable tolling of the limitations period.  The Court therefore concludes that the Petition is time-barred.

## IV.  Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED:**

1.  Respondent's Motion to Dismiss, ECF No. 15, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED** as time-barred pursuant to 28 U.S.C. § 2244(d); and

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 17th day of December 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.